# IN THE SUPREME COURT OF THE STATE OF NEVADA

TOBIAS JAMES STEWART,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72644

FILED

NOV 30 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is an appeal from a district court order denying a petition for writ of mandamus, writ of prohibition, and/or writ of certiorari. Second Judicial District Court, Washoe County; Lynne K. Simons, Judge.

In April 2016, appellant Tobias James Stewart pleaded guilty to one count of misdemeanor domestic battery, first offense, a violation of NRS 200.481, NRS 200.485, and NRS 33.018.[1] Stewart was sentenced, in part, to serve 180 days in the Washoe County Detention Facility and to attend and pay for weekly domestic violence counseling for 12 months with a State certified program. *See* NRS 200.485 (setting forth the penalty for a first offense domestic violence misdemeanor). All terms of Stewart's sentence were suspended contingent upon several conditions, including that Stewart participate in and successfully complete a domestic violence compliance court program.

Stewart failed to comply with the conditions of his suspended sentence, and consequently, the justice court revoked the suspended sentence and reinstated the original sentence. Stewart served 180 days in

---

[1]We acknowledge that NRS 200.481, NRS 200.485, and NRS 33.018 were amended in 2017. 2017 Nev. Stat., ch. 59, § 2; 2017 Nev. Stat., ch. 490, § 3; 2017 Nev. Stat., ch. 496, § 7.5. However, the amendments do not affect our analysis in this matter, and we will analyze the matter under the version of the statute as it existed at the time of Stewart's conviction.

17-41278

the Washoe County Detention Facility, and subsequently asked the justice court to "close" his case. The justice court declined to do so on the grounds that Stewart had not completed several terms of his sentence, including weekly domestic violence counseling. Stewart then filed a writ petition in district court challenging the justice court's jurisdiction. The district court denied the writ petition, and Stewart now appeals.

Having reviewed the briefs and the record on appeal, we conclude that the district court should have summarily dismissed the petition. In particular, it is unclear from the limited record before this court what relief Stewart requested in the justice court as there is no written order from the justice court, nor has the justice court taken any action on the judgment.[2] As such, there is nothing to review by way of a writ petition until the justice court acts, and the district court should have dismissed the petition without addressing its merits.

Accordingly, we VACATE the district court's order denying Stewart's writ petition AND REMAND to the district court with instructions to dismiss the writ petition.

_____ , J.
Hardesty

_____ , J.
Parraguirre

_____ , J.
Stiglich

---

[2]We note that "closing" a case is not a recognized remedy.

cc:    Hon. Lynne K. Simons, District Judge
       Washoe County Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk